IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LA'VERA GREEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3131 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

La'Vera Green, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging her state conviction for murder. Respondent filed a motion for summary judgment based on expiration of limitations. (Docket Entry No. 8.) Petitioner filed a response. (Docket Entry No. 13.)

After careful consideration of the pleadings, the motion and the response, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this case for the reasons that follow.

*Procedural Background*

Petitioner pleaded guilty to the charge of murder in the 230th District Court of Harris County, Texas, and was sentenced to twenty-five years incarceration. Her direct appeal was dismissed as untimely. *Green v State*, No.14-07-00035-CR (Tex. App. – Houston [14th Dist.] 2007, no pet.) (not designated for publication). The Texas Court of Criminal Appeals

denied petitioner's application for state habeas relief without a written order on February 6, 2008. *Ex Parte Green*, No. 69, 257-01, at 2.

Petitioner filed the instant federal habeas petition on October 16, 2008, raising grounds for actual innocence and ineffective assistance of counsel. Respondent seeks summary judgment dismissal of the petition as barred by limitations. Petitioner concedes that her petition is time-barred, but asserts entitlement to equitable tolling.

## *Applicable Legal Standard*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under AEDPA,

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2). Petitioner agrees that the instant petition is untimely, but claims she is entitled to equitable tolling because she is "actually innocent," and was "depressed" during the applicable time period. (Docket No. 13, p. 2.)

### *Equitable Tolling*

The Fifth Circuit has held that a petitioner is entitled to equitable tolling when he is "prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513-514 (5th Cir. 1999). However, the Fifth Circuit holds that claims of actual innocence are not grounds for equitable tolling. *Felder v Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Accordingly, petitioner's assertions of actual innocence afford her no basis for equitable tolling.

Petitioner further claims that she is entitled to equitable tolling for the period from which her direct appeal was dismissed to the point in time when she filed the instant petition, due to depression. (Docket Entries No. 1, p. 7; No. 13, pp. 10-11.) As proof, petitioner submits several affidavits from fellow prisoners attesting to petitioner's "depression." (Docket Entry No. 13, pp. 16-21.) None of these other inmates is a mental health expert qualified to diagnose depression. Even assuming the affidavits were to constitute probative summary judgment that petitioner was clinically depressed, neither they nor petitioner's own

allegations establish that such depression impaired petitioner's ability to assert her rights for purposes of limitations. *See Ott*, 192 F.3d at 513-514. In short, petitioner does not demonstrate that, even if she were depressed, it affected her to such a degree as to render her unaware of her obligation to file her federal habeas petition in a timely manner, or unable to follow through with such obligation.

Furthermore, petitioner presents no probative evidence of clinical depression for the relevant time frame. Rather than presenting psychological examinations or medical records evincing a diagnosis of clinical depression, she relies solely on the unqualified and dubious opinions of her fellow inmates. Such conclusory allegations fail to constitute probative evidence sufficient to warrant application of equitable tolling. In any event, clinical depression has not been recognized by the Supreme Court or the Fifth Circuit as justification for equitable tolling, or as an extraordinary circumstance preventing assertion of a petitioner's rights. Petitioner is not entitled to equitable tolling in this instance, and her petition is barred by limitations.

## *Conclusion*

Respondent's motion for summary judgment is GRANTED. The petition for habeas relief is DENIED, and this case is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk is to provide a copy of this order to all parties.

Signed at Houston, Texas, on June 30, 2009.

_____
Gray H. Miller
United States District Judge